# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **FREDRICK GRAY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No. CIV-09-909-F** |
| ) | |
| **GREGORY RITTER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Fredrick Gray, a state prisoner appearing *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action on August 19, 2009, seeking money damages for alleged violations of his constitutional rights. Plaintiff claims that while he was incarcerated at the Davis Correctional Facility, Defendants imposed cruel and unusual punishment by means of physical assault and deliberate indifference to his safety, and that Defendants denied him due process in his attempts to seek administrative remedies. United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B). The matter is currently before the undersigned pursuant to Defendants' motion to quash service of process. [Doc. No. 47]. For the following reasons, it is recommended that Defendants motion to quash be construed as a motion to dismiss for insufficiency of service pursuant to Fed. R. Civ. P 12(b)(5), and that the cause of action be dismissed without prejudice for failure to serve process as required by Fed. R. Civ. P 4(e).

## **PROCEDURAL HISTORY**

The procedural history relating to service of process on Defendants is as follows. Plaintiff filed his complaint on August 19, 2009, naming as defendants Security Sergeant Gregory Ritter and Warden Mike Addison, both employees of the Oklahoma Department of Corrections at the Joseph Harp Correctional Center in Lexington, Oklahoma. [Doc. No. 1, pp. 1-2]. On November 11, 2009, the undersigned entered an order requiring that Plaintiff effect service on Defendants. [Doc. No. 15]. The docket reflects that Plaintiff requested issuance of two summonses on January 11, 2010, and that a summons was issued to the two Defendants and delivered to the United States Marshals Service for service. [Doc. No. 21]. On February 3, 2010, the undersigned entered an order advising Plaintiff that Fed. R. Civ. P. 4(m) requires that service be effected on each Defendant within 120 days after the complaint is filed. [Doc. No. 22]. Noting that no proof of timely service had been made as required by Fed. R. Civ. P. 4(e), the undersigned reminded Plaintiff that the failure to serve Defendants timely could result in the dismissal of this action under Fed. R. Civ. P. 4(m). *Id.*

Thereafter, at Plaintiff's request, by order dated March 10, 2010, the undersigned granted an additional thirty days within which to effect service on Defendants. [Doc. No. 28]. Returns were filed the following day reflecting service on both Defendants by the United States Marshals Service at the address provided by Plaintiff. [Doc. No. 29]. Although Plaintiff's summons requests listed a *secondary* address for the Joseph Harp Correction Center where both Defendants work, the *primary* address on both forms was for the Oklahoma Pardon and Parole Board. *Id.* Thus, the returns indicated that service for both

Defendants was made on Tracey George, General Counsel for the Oklahoma Pardon and Parole Board. *Id.*

On April 14, 2010, Assistant Attorney General Kim Max Rytter entered an appearance and filed a motion to quash service of process on behalf of Defendants Addison and Ritter. [Docs. Nos. 31 and 32]. The undersigned granted the motion on May 27, 2010, finding that service on the Pardon and Parole Board's general counsel, although accepted by a Board employee, was ineffective under Fed. R. Civ. P. 4(e). [Doc. No. 36]. The undersigned's order also granted Plaintiff an additional thirty days to effect service on Defendants. *Id.*

On June 10, 2010, Plaintiff again submitted a request for issuance of summons for the Defendants, this time naming Assistant Attorney General Rytter as their service agent and providing the address for the Oklahoma Attorney General's Office. [Doc. No. 38]. Summonses were issued and delivered to the United States Marshal for service that same date. [Doc. No. 39]. As of July 14, 2010, no return of service had been filed of record as to either Defendant, and the undersigned *sua sponte* extended the date for service another thirty days or until August 13, 2010. [Doc. No. 43]. Returns were then filed on July 20, 2010, reflecting that the summonses for both Defendants had been served to Investigator Rhonda L. Langley, an employee of the Attorney General's Office. [Docs. Nos. 44 and 45]. Investigator Langley did not sign for the documents and informed the United States Marshal who attempted service that the named service agent, Mr. Rytter, no longer worked for the

Attorney General[1] and that the Attorney General's Office was not authorized to accept service for the individual Defendants. [Doc. No. 47].

## DISCUSSION

**Defendants' Motion to Quash Service of Process**

Defendants' most recent Motion to Quash correctly asserts that Plaintiff has failed to effect service of process upon them. [Doc. No. 47, p. 7]. Though Defendants present their motion in the form of a motion to quash, Defendants unambiguously raise insufficient service of process as a defense to Plaintiff's claims, and as grounds for asserting this Court's lack of personal jurisdiction over them. *Id.* Under Fed. R. Civ. P 12(b), "every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required," except for those defenses subsequently listed within Rule 12(b). Paragraph 5 of Rule 12(b) names "insufficient service of process" as such a defense, thus permitting a defendant to assert it by motion. Fed. R. Civ. P. 12(b)(5). Technically, under Rule 12(b)(5), "there is no longer a 'motion to quash,'" and "the proper motion … [is] a motion to dismiss for insufficiency of service." *Martin v. Stokes*, 623 F.3d 469, 474 n.8 (3d Cir. 1980). However, a Rule 12(b)(5) motion to dismiss offers a district court the option of dismissing an action or quashing process without dismissal. *See Lasky v. Lansford*, 76 Fed. Appx. 240, 241 (10th Cir. 2003); 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* §

---

[1] On June 29, 2010, Assistant Attorney General Rytter withdrew as attorney of record for Defendants and Assistant Attorney General Lisa Erickson Endres filed her entry of appearance to replace him. [Docs. Nos. 40 and 41].

4

1354 (3d ed. 2010). Dismissal is appropriate where a plaintiff has been warned of the consequences of not complying with procedural rules, *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993), and has been provided ample opportunity to cure a defect in a prior failed attempt to serve, *Lasky*, 76 Fed. Appx. at 241.

After the undersigned granted Defendants' first Motion to Quash, [Doc. No. 36], Plaintiff attempted to effect service of process by having summonses delivered to the Assistant Attorney General who filed that motion, [Docs. Nos. 38 and 39]. Once the defendant has alleged the invalidity of service of process, "the plaintiff has the burden of establishing…[its] validity." *Fed. Deposit Ins. Corp v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (citations omitted). Rule 4(e), Fed. R. Civ. P., prescribes three ways in which service of process is effected upon an individual:

(1) in accordance with the law of the state in which the district court is located or in which service is effected, or
(2) by delivering a copy of the summons and the complaint to the individual personally or by leaving copies at the individual's dwelling house or usual place of abode with some person of suitable age and discretion who is residing there, or,
(3) by delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process.

Rule 4(m), Fed. R. Civ. P., sets forth the time limit for service of the summons and complaint:

> If service of summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Plaintiff filed his complaint on August 19, 2009, well over a year ago. As the record reflects, the undersigned has repeatedly advised Plaintiff of his obligations under Fed. R. Civ. P. 4(m) and the consequences for failure to effect proper service, and has given him multiple opportunities to effect service beyond the 120-day deadline and to cure defects in his invalid attempts to serve process. To date no proof of service has yet been made. Plaintiff has not established, nor does he argue, that he effected service in accordance with the laws of the State of Oklahoma, or that Defendants were served personally at their homes. Presumably, in attempting to have summonses delivered to Assistant Attorney General Rytter, Plaintiff believed that the Defendants had authorized Mr. Rytter, or the Attorney General's Office, to accept service on their behalf. However, Defendants' most recent Motion to Quash clearly asserts that neither Defendant has ever given such authorization, [Doc. No. 47, p. 5], and Plaintiff's response does not allege otherwise, [Doc. No. 48].

The general rule regarding agency to accept service of process is that "actual appointment…normally is expected." 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1097 (3d ed. 2010). Nonetheless, some federal courts have held that implied authority to receive service of process on behalf of a defendant exists in certain circumstances. *See In re Focus Media, Inc.*, 387 F.3d 1077, 1082 (9th Cir. 2004) (citing several district court decisions). However, the plain fact that the Attorney General's Office has twice undertaken representation of Defendants in this Court does not provide a sufficient basis for inferring such an authority, especially considering Investigator Langley's denial that

the Attorney General's Office could accept service for Defendants. [Doc. No. 47, p. 2]; *see Snyder v. Swanson*, 371 Fed. Appx. 285, 287 (3d Cir. 2010) (plaintiff's argument for attorney's implied authority to accept service of process rejected, despite attorney's previous representation of defendant in same matter, where attorney clearly did not agree to accept service).

Plaintiff's response to Defendants' latest Motion to Quash requests that the Court "grant [him] good cause not to serve the defendants accurately." [Doc. No. 48, p. 3]. He claims such leniency is justifiable because he listed the only address he knew for Defendants, and because Defendants, in their first Motion to Quash, "did not dispute [that] this is the correct address to have Defendants served." *Id.* If Plaintiff is referring to the address he listed in his *second* attempt to serve process, which was the address for the Attorney General's Office, Defendants had no reason to dispute the correctness of that address in their *first* Motion to Quash because Plaintiff had not yet attempted to serve Defendants through the Attorney General's office. Moreover, as stated above, Defendants have clearly disputed the validity of that Office for service of process in their *second* Motion to Quash. [Doc. No. 47, p. 5].

Although unclear, Plaintiff may also be referring here to the alternative address he provided in his first attempt to serve process. If so, his argument seems to be that, because this secondary address was never disputed in Defendants' first Motion to Quash as an accurate address for service of process, Defendants have implicitly admitted its validity, and nothing more should be required of Plaintiff. However, that argument has already been

7

addressed by the undersigned in the order granting Defendants' first Motion to Quash. [Doc. No. 36].

There, the undersigned clearly stated that Plaintiff's provision of "an alternative address for service at the prison facility where Defendants work is of no consequences under the circumstances." [Doc. No. 36, p. 3, n.1]. Because the Marshals Service "delivered the service papers to the primary address provided by Plaintiff" - that of the Pardon and Parole Board - it "satisfied its responsibility…and was under no obligation to deliver service papers to any alternative address." *Id.* If Plaintiff continues to believe that this alternative address is the correct one for service of process, he has failed to explain why he did not use it in his second attempt to serve process, and the undersigned is not at liberty to reach back to Plaintiff's first failed attempt to serve process and integrate what may have been a correct alternative address into Plaintiff's second set of process papers. While the Court adheres to the rule that the complaint of a plaintiff proceeding *pro se* should be construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam), "[a] *pro se* litigant is still obligated to follow the requirements of Fed. R. Civ. P. 4," *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993).

Fed. R. Civ. P. 4(m) permits, upon a plaintiff's failure to serve process, dismissal of the plaintiff's action without prejudice. However, despite Plaintiff's failures in the instant case, the Court must also consider whether the record reflects "good cause" for another extension of time. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Three factors are relevant in that inquiry: (1) the applicable statute of limitations; (2) whether

8

Plaintiff is attempting to serve process on the United States; and (3) whether Defendants have attempted to evade service. *See id.* at 842 (examining applicable statute of limitations and noting difficulties involved in service on United States); *Hendry v. Schneider*, 116 F.3d 446, 449 n.2 (10th Cir. 1997) (observing that "[e]vasion of service has been held to constitute 'good cause.'").

The undersigned notes that the most recent injury cited in Plaintiff's complaint occurred on January 19, 2009. [Doc. No. 1, p. 4]. The applicable limitations period in this case is two years.[2] Thus, the limitations period would not expire before January 19, 2011, and Plaintiff would have time to refile after dismissal. The first factor therefore weighs against further extensions of the service deadline. *See Espinoza*, 52 F.3d at 842. Furthermore, because Plaintiff has not named the United States as a defendant in this case, the second factor has no application. *See id.* Under the third factor, attempts by the defendant to evade service of process weigh in favor of a deadline extension. *See Hendry*, 116 F.3d at 449 n.2. Although Plaintiff views Defendants' motions to quash service in this case as "unfair and undue,"[3] such procedural attempts to demonstrate defects in service

---

[2]The period of limitations for a Section 1983 action is governed by the forum state's law for personal injury actions. *See Wilson v. Garcia*, 261, 276-80 (1985). In Oklahoma, the limitations period for Section 1983 actions is two years. *See* Okla. Stat. tit. 95(A)(3) (2009 supp); *Meade v. Grubbs*, 841 F.3d 1512, 1522 (10th Cir. 1988).

[3]In his response to Defendants' most recent motion to quash, [Doc. No. 48], and in his response to Defendants' motion to stay proceedings, [Doc. No. 54], Plaintiff directs the Court's attention to the requests to waive service he filed on December 15, 2009, [Doc. No. 16]. Plaintiff asserts that Defendants have failed to waive service "without good cause," and seems to cite this as an additional reason why Defendants' motions to quash are "undue and unfair." [Doc. No. 48, p. 4]. Plaintiff further asks that this Court "impose judgment(s) against

9

cannot fairly be construed as evasions. [Doc. No. 48, p. 4]. Therefore, no evidence exists to indicate that Defendants have attempted to evade service. In light of the above analysis, Plaintiff has failed to show good cause sufficient to warrant further extension of time under Fed. R. Civ. P. 4(m). The undersigned therefore recommends that Defendants' Motion to Quash Service of Process be construed as a motion to dismiss for insufficient service of process pursuant to Fed. R. Civ. P 12(b)(5), and further recommends that Plaintiff's claims against Defendants be dismissed without prejudice.

**Plaintiff's Motions for Injunctive Relief, Defendants' Motion to Stay Proceedings, and Plaintiff's Response**

Several other motions are pending in this matter. On August 2, 2010, Plaintiff filed a motion requesting appointment of counsel. [Doc. No. 46]. Subsequent to Defendants' second to Motion to Quash, [Doc. No. 47], Plaintiff filed a motion in response and two motions for orders for injunctive relief. [Docs. Nos. 48, 49, and 52]. Plaintiff's first Motion for Injunctive Relief [Doc. No. 49] seeks an order requiring the officials at Plaintiff's facility to provide him with medical services for various alleged injuries. Plaintiff's second Motion for Injunctive Relief [Doc. No. 52] seeks an order prohibiting prison officials from inflicting further injuries upon him. Defendants have also since filed a motion to stay proceedings and discovery [Doc. No. 53] and Plaintiff has again filed a motion in response [Doc. No. 54].

---

Defendants" pursuant to Fed. R. Civ. P. 4(d)(2). Plaintiff overlooks the fact that the rule only authorizes the Court to impose upon defendants who have failed to waive without good cause "expenses later incurred in making service" and expenses related to "any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2)(A)-(B). Because Plaintiff has so far failed to effect proper service, the undersigned has no authority to impose such judgments.

Because the undersigned recommends dismissal of Plaintiff's claims for failure to serve process, it is the further recommendation of the undersigned Magistrate that all remaining pending motions be denied as moot.

**RECOMMENDATION**

For the reasons set forth above, it is the recommendation of the undersigned Magistrate Judge that Defendants' Motion to Quash [Doc. No. 47] be construed as a motion to dismiss for insufficient service of process under Fed. R. Civ. P. 12(b)(5) and granted; that Plaintiff's claims against Defendants be dismissed without prejudice for failure to serve process; and that if this recommendation to dismiss is adopted, Plaintiff's Motions for Appointment of Counsel [Doc. No. 46] and Injunctive Relief [Docs. No. 49 and 52], Defendants's Motion to Stay Proceedings [Doc. No. 53], and Plaintiff's Response in Opposition [Doc. No. 54] be denied as moot.

Plaintiff is advised of his right to object to this Report and Recommendation on or before the 28th day of October, 2010, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Any objections should be filed with the Clerk of this Court. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual findings and the legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**IT IS SO ORDERED.**

This 8th day of October, 2010.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE